UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC NORDQUIST,

Plaintiff,

v. Case No. 3:20cv5800-TKW-HTC

WILLIAM EDDINS,
LAWRENCE KEEFE,
and JOHN MILLER,

Defendants.
_________________________________/

ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Eric Nordquist's complaint (ECF Doc. 1) and motion for leave to proceed *in forma pauperis* (ECF Doc. 2). Plaintiff, proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983, alleging, from what the Court can decipher, that Plaintiff's rights have been violated based on the conduct of a state attorney, state judge, and U.S. Attorney. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(E). Plaintiff's motion to proceed *in forma pauperis* is GRANTED. Upon screening the complaint under 28 U.S.C. § 1915(e), and for the

reasons set forth herein, the undersigned respectfully recommends that this action be dismissed because Plaintiff's mostly illegible complaint fails to state a claim on which relief may be granted, and Plaintiff seeks monetary relief against Defendants who are immune from such relief. Thus, the undersigned finds that allowing Plaintiff to amend his complaint would be futile.

## I. BACKGROUND

Plaintiff brings this § 1983 lawsuit against three (3) Defendants: William Eddins, the State Attorney for the First Judicial Circuit of Florida; Lawrence Keefe, the United States Attorney for the Northern District of Florida; and John Miller, a Circuit Judge for the First Judicial Circuit of Florida. ECF Doc. 1 at 1–3.

Plaintiff begins his complaint by asserting that Defendant Eddins "and his [i]nvestigators have continually [r]efused to investigate continual abuse of [Plaintiff] by [f]amily members and [l]aw [e]nforcement officers." *Id.* at 4. Plaintiff alleges that Defendant Eddins' investigators met with Plaintiff multiple times and lied to Plaintiff about Defendant Eddins' powers "to intiate [sic] an investigation to such criminally abusive behaviors tword [sic] [Plaintiff]." *Id.* at 5. Plaintiff asserts that this "lack of action was done to influence an election due to 'Bad Press.'" *Id.* Plaintiff then briefly ties in Defendant Keefe, alleging that Defendant Keefe also lied about a U.S. Attorney's "same powers" and refused to "invesitigate [sic] or prosecute such crimes." *Id.*

From there, Plaintiff appears to switch gears, immediately changing the subject to a "terrifying case" involving Defendant Miller. *Id.* at 6. Plaintiff alleges that Defendant Miller "used his power as a [s]tate [j]udge to try to force [Plaintiff] out of [Plaintiff's] grandmother's home." *Id.* From what the Court can decipher, Plaintiff then alleges that Defendant Miller: (1) denied a restraining order; (2) sent law enforcement agency "assets" to intimidate, stalk, and harass Plaintiff; and (3) initiated false Baker Act commitments, which included a lack of "proper procedure due to state [l]aw applied," lying on the Baker Act forms, and "manufacturing of probable cause." *Id.* at 6–7. Plaintiff then tacks on, without any explanation, "[a]grivated [sic] [b]attery of a [v]ulnerable [a]dult, [t]erroristic [t]hreats, and [f]alures [sic] to [r]eport the [a]buse of a [v]ulnerabl [sic] [a]dult, and [p]rotect a [v]ulnerable [a]dult . . . ."

Plaintiff, without referencing any individual Defendant, then contends that he has been terrorized and threatened and that his civil rights have been violated, causing him to "feel very alone, scared, and totally abandoned by the agencies whose job" it "is to protect [Plaintiff]." *Id.* at 7. Plaintiff asserts, without any factual support, that this is all due to political corruption, graft, and a desire to influence elections. *Id.*

Plaintiff complains that no attorney will assist him, so he is forced to file suits as a *pro se* plaintiff. *Id.* at 8. As such, Plaintiff previously used the law library in a

judicial building, but Defendant Miller allegedly "misused his [j]udge's [a]uthority to [bar Plaintiff] [f]rom the [l]aw [l]ibrary" by "specically [sic] making a '[g]eneral [r]ule' solely" directed at Plaintiff. *Id.*

For his statement of claims, Plaintiff broadly states the following: corruption, "violation of [c]ivil [r]ights," "consiracy [sic] against [r]ights," "violation of civil [r]ights under cover of [l]aw," "[v]iolation of [f]ederally [p]rotected activities," denial of due process, bribery, graft, and "[u]nlawful [d]iscrimination." *Id.* at 9. As relief, Plaintiff seeks a motion to expedite, "modition [sic] for the Court to appoint [c]ouncil [sic] due to [e]xtraordinary circumstances," $800,000 in damages from each Defendant, and federal bench warrants for arrest and prosecution. Finally, in the same section requesting relief, Plaintiff writes "[c]onstitutional [c]hallenge to," followed by some United States and Florida statutes.[1] *Id.*

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and dismiss it if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Mehmood v. Guerra*, 783 F. App'x 938, 940 (11th Cir. 2019) ("[U]nder § 1915(e), district courts have the

[1] Plaintiff's inclusion of relief in the form of motions is improper under the Federal Rules of Civil Procedure and thus will not be addressed. Additionally, the Court will not entertain this ambiguous "constitutional challenge," as it is not within the scope of a § 1983 action.

power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike."). The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, plaintiffs must go beyond merely pleading the sheer possibility of unlawful activity by a defendant; plaintiffs must offer factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## III. DISCUSSION

As an initial matter, Plaintiff's complaint, replete with crossed-out sentences and words, is largely illegible, and where the handwriting can be read, is mainly incomprehensible. "A pleading that is illegible cannot provide the Defendant, or the Court, notice of the claims being presented." *Williams v. Barnwell Cty.*, 2008 WL 4791430, at *2 (D. S.C. Oct. 27, 2008). Thus, for this reason alone, the complaint should be dismissed. *See Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007) (affirming dismissal of amended complaint that was "illegible or incomprehensible"). Additionally, the parts that are readable contain a hodgepodge

of facts and allegations, with no real connection from one allegation to the next, which utterly fails to state a claim upon which this Court may grant relief to Plaintiff.

Federal Rule of Civil Procedure 8(a) provides that a "pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). "The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Elecs. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010). A pleading where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" does not comply with that standard. *Peavey v. Black*, 476 F. App'x 697, 699 (11th Cir. 2012) (citing *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996). Plaintiff's complaint fails to meet the basic requirements set forth under Rule 8.

Regardless, from what the Court can discern, Plaintiff appears to be asserting claims seeking criminal prosecution against unknown law enforcement personnel and family members, as well as monetary damages against a state prosecutor, state judge, and U.S. Attorney. However, as discussed more fully below, Plaintiff's claims are subject to dismissal because (1) Plaintiff cannot compel the prosecution of another under § 1983, and (2) State Attorney Eddins, U.S. Attorney Keefe, and Judge Miller are immune from damages under § 1983.

**A. Requested Prosecution of Another and Prosecutorial Immunity**

Plaintiff's only discernible allegation pertaining to Defendants Eddins and Keefe is that neither Defendants nor their "investigators" would initiate an investigation into "criminally abusive behaviors tword [sic] [Plaintiff]" by family members and law enforcement officers. ECF Doc. 1 at 4–5. In the "Relief Requested" section of the complaint, Plaintiff requests "[f]ederal [b]ench warrants for arrest and prosecution."[2] ECF Doc. 1 at 9. In conclusory fashion, Plaintiff appears to contend that such lack of action is due to political corruption, graft, and a desire to influence elections. *Id.* at 5, 7.

To the extent Plaintiff seeks any kind of relief from this Court requiring Defendants Eddins or Keefe to initiate an investigation, such relief cannot be granted. "The decision of whether to investigate, arrest, or prosecute government officers or officials is within the discretion of the United States [or Florida State] Attorney; a decision in which the court will not interfere." *Crutcher v. Bolling*, No. 2:16-cv-1422-KOB-JHE, 2017 WL 2962358, at *5 (N.D. Ala. May 18, 2017), *report and recommendation adopted sub nom. Peara Crutcher v. Bolling*, No. 216-cv-1422-KOB-JHE, 2017 WL 2960534 (N.D. Ala. July 11, 2017); *see also Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375 (2nd Cir. 1973).

---

[2] Plaintiff fails to provide any detail explaining why he desires such warrants, to whom they would be issued, and what crimes are involved. The undersigned can only speculate that this request is related to the alleged "criminally abusive behaviors" referenced by Plaintiff above.

Further, a private citizen has no "judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Otero v. U.S. Attorney General*, 832 F.2d 141 (11th Cir. 1987) (affirming the dismissal of a petition for writ of mandamus seeking to compel investigation and prosecution of state attorney). Thus, Plaintiff cannot compel the criminal prosecution of another by filing a civil complaint.[3] Similarly, the Defendants cannot be held liable to Plaintiff for failing to prosecute another.

Additionally, even if Plaintiff could state a valid claim against Defendants Eddins and Keefe, which he cannot, both Defendants are immune under § 1983 from the $800,000 in damages that Plaintiff seeks. Prosecutors have absolute immunity from § 1983 actions that arise from the prosecutor's conduct that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Importantly, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id.* at 431.

Further, absolute immunity applies to a prosecutor's actions undertaken as an advocate for the State. *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009). This function encompasses a wide range of conduct including illegal and unconstitutional

[3] As an additional matter, this Court is without jurisdiction to compel a state official to take action. *See e.g.*, *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) (treating a request for an order directed to a state court compelling it to act as a petition for writ of mandamus and denied).

conduct, such as "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, *refusing to investigate* complaints about the prison system, and threatening further criminal prosecutions." *Hart*, 587 F.3d at 1295 (emphasis added) (quoting *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979)). As the Eleventh Circuit stated in *Hart*, when acting as an advocate, "the absolute immunity doctrine has evolved such that even wrongful or malicious acts by prosecutors are allowed to go unredressed." *Hart*, 587 F.3d at 1298.

Thus, because the decision of whether to initiate an investigation or prosecution is a matter that arises within the scope and duties of Defendants' prosecutorial functions, they are absolutely immune from monetary damages. Accordingly, the undersigned finds that the claims against Defendants Keefe and Eddins should be dismissed.

**B. Judicial Immunity**

Plaintiff's request for $800,000 against Judge Miller is likewise barred. Any potential claim for damages against a judge is barred by the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Judicial immunity applies to all judicial acts. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself,

*i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "In other words, we look to the particular act's relation to a general function normally performed by a judge[.]" *Mireles*, 502 U.S. at 13.

Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11–12. An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject-matter jurisdiction of the court over which he presides. *See Dykes v. Hosemann*, 776 F.2d 942, 946–48 (11th Cir. 1985). Moreover, a judge is not deprived of absolute immunity from liability for damages "because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump*, 435 U.S. at 356; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

In this case, Plaintiff makes a number of allegations, unsupported by any facts, against Judge Miller. Despite the hollowness of Plaintiff's claims, all of Plaintiff's grievances pertaining to Judge Miller involve conduct taken in Judge Miller's judicial capacity. Plaintiff alleges, *inter alia*, that Judge Miller tried to force Plaintiff

from his grandmother's home, denied a restraining order, sent law enforcement to intimidate, stalk, and harass Plaintiff, initiated false Baker Act commitments, and denied Plaintiff access to the law library. ECF Doc. 1 at 6–7. There can be no dispute that denying a restraining order, issuing a warrant, managing access to the courthouse, and presiding over a Baker Act proceeding are all judicial acts. Therefore, Judge Miller is immune from suit for damages.[4]

## IV. CONCLUSION

For the reasons set forth above, the undersigned recommends this action be dismissed. Also, because Plaintiff cannot assert any set of facts that would state a claim in this case, the undersigned recommends that dismissal—rather than a chance to amend—is appropriate, as an amendment would be futile. *Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) (concluding that "district courts need not permit amendment where it would be futile to do so"). Moreover, a *sua sponte* dismissal is appropriate in this case because this Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed and gives Plaintiff the opportunity to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Glover v. Williams*, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate

[4] To the extent Plaintiff is seeking injunctive relief against Judge Miller, rather than monetary damages, as set forth above, *supra* n.3, this Court is without jurisdiction to grant such relief. *See Bailey*, 226 F. App'x at 924.

notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF Doc. 2) is GRANTED.

It is also respectfully RECOMMENDED that:

1. Plaintiff's complaint (ECF Doc. 1) be dismissed.

2. The clerk be directed to close the file.

Done in Pensacola, Florida, this 15th day of September, 2020.

*/s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**